Judge Marshall
delivered the Opinion of the Court.
This case pi’esents but a single question necessary to be noticed, and that is, whether, in a bill of sale of a slave, bearing date the 1st of September, but actually executed and delivered on the 14th of October following, the covenant of warranty, expressed as usual in the pi’esent tense, shall, as a matter of inflexible law, be taken as relating to the day on which it was executed, although the actual sale took place the 1st of Septembei-, and although it was the design of the parties, in giving that date to the writing, to make the covenant i’elate exclusively to that day. A negative answer to this quostion, seems to be obviously propei-.
Most assuredly a covenant may relate to a time different from that either of its execution or its apparent date. All that is requisite is, that it should show, upon its face, with reasonable certainty, the particular time and object to which it is intended to relate. This is sufficiently done in the bill of sale drawn as above supposed. *88 There being a date upon the face of the instrument, tho warranty refers itself naturally and legally to that date as designating the time present to which it relates. This is the legal construction and effect of the writing on its face, And if such was the design and intention of the parties, we do not perceive on what principle of necessity or justice, the extraneous fact, that the writing was not executed until a day subsequent to that on which it bears date, and to which it was intended to l’elate, should have the effect of changing the construction of the instrument, and defeating the intention of the parties. Nor do we perceive any good reason—technical or otherwise, why, at any reasonable period after a sale by parol lias taken place, the parties intending to provide written evidence of the sale and of the warranty accompanying it, may not as well give to the writing the date of the actual sale, and word it as if it had been then in fact written, as to give it the date of its own execution, and by recitals and covenants in the past tepse, refer to the time of the actual sale, The latter mode might indeed be the safest and most advisable; but it does not, on its face, more clearly indicate the intention with regard to the time to which the covenant should relate.
It is assumed ip the question as stated, that the bill of sale was antedated with the design that the covenant contained in it should refer to the date inserted in the instrument, because the instructions out of which the question arises, assume that fact, and because the assumption is sufficiently authorized by evidence conducing to prove that the sale and delivery of the slave had taken place some time between the middle of August and the 14th of October, and that the bill of sale as written was read, understood and accepted by the vendee. The inference from which is, that it was so written as to express truly the contract as understood by the parties.
The judgment appealed from is fully sustained by these views, and must therefore be affirmed.